Robert Mittelstaedt (State Bar No. 060359)
ramittelstaedt@jonesday.com
Shawn Hanson (State Bar No. 109321)
shanson@jonesday.com
David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     (415) 626-3939
Facsimile:     (415) 875-5700

Attorneys for Defendant
MERIDIAN REAL ESTATE INVESTMENT
COMPANY II

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MERIDIAN INVESTMENT MANAGEMENT, INC., a Delaware Corporation**<br><br>**Plaintiff,**<br><br>v.<br><br>**MERIDIAN REAL ESTATE INVESTMENT COMPANY II, a Cayman's Island Company**<br><br>**Defendant.** | Case No. C 08-02542 MMC<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>DATE:     **July 11, 2008**<br>TIME:      **9:00 a.m.**<br>CTRM:    **7, 19th Floor**<br>JUDGE:   **Hon. Maxine M. Chesney** |

Before this Court is defendant Meridian Real Estate Investment Co. II's ("FUND II") motion to dismiss with prejudice the complaint by plaintiff Meridian Investment Management, Inc.'s ("MIM"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Having read and considered the papers filed in support of this motion, the Court rules as follows:

1.     MIM's First Cause of Action, which alleges a claim for breach of contract, is dismissed with prejudice because MIM failed to allege a breach by FUND II.  *Anthony v. Yahoo!, Inc.*, 421 F. Supp. 2d 1257, 1260 (N.D. Cal. 2006) (holding that essential elements of breach of contract are (1) a contract between the parties, (2) plaintiff's performance, (3) defendant's breach, and (4)

1  damages).¹ To the extent that MIM's First Cause of Action alleges a breach of the covenant of
2  good faith and fair dealing, the claim is dismissed because implying a covenant of good faith and
3  fair dealing as MIM requests would not effectuate the clear and obvious intent of the parties, but
4  instead would contradict the express provisions of the parties' contract. *See Carma Developers,*
5  *Inc. v. Marathon Development. California, Inc.*, 6 Cal. Rptr. 467, 484-85 (Cal. 1992) ("We are
6  aware of no reported case in which a court has held the covenant of good faith may be read to
7  prohibit a party from doing that which is expressly permitted by an agreement. . . . [I]f defendants
8  were given the right to do what they did by the express provisions of the contract there can be no
9  breach."); *Guz v. Bechtel National, Inc.*, 100 Cal. Rptr. 252, 375 (Cal. 2000) (refusing to find a
10 breach of good faith for behavior expressly allowed in the contract); *Wolf v. Walt Disney Pictures*
11 *and Television*, --- Cal. Rptr. 3d ----, 2008 WL 1991699, at *7 (Cal. Ct. App. May 9, 2008); *Third*
12 *Story Music, Inc. v. Waits*, 48 Cal. Rptr. 2d 747, 753 (Cal. Ct. App. 1995); *Gerlund v. Electronic*
13 *Dispensers Int'l*, 235 Cal. Rptr. 279, 286-87 (Cal. Ct. App. 1987); *Brandt v. Lockhead Missiles &*
14 *Space Co.*, 201 Cal. Rptr. 746, 749-50 (Cal. Ct. App. 1984); *Spiegler v. Home Depot U.S.A., Inc.*,
15 No. CV 07-4428 CAS (AJW), 2008 WL 1848292, at *14-15 (C.D. Cal. April 9, 2008). Even if
16 this Court were to imply the covenant of good faith and fair dealing as MIM requests, the claim is
17 still subject to dismissal. MIM alleges that FUND II breached the covenant of good faith and fair
18 dealing by taking several actions that "forced" MIM to sell FUND II's investments. MIM's
19 allegations, however, either are unsupported by facts alleged, contrary to other allegations in the
20 complaint, contrary to documents relied on in the complaint, or insufficient to state a cause of
21 action. *See Crown Paper Liquidating Trust v. Am. Int'l Group, Inc.*, No. C-07-2308 MMC, 2007
22 WL 4207943, at *2 (N.D. Cal. Nov. 27, 2007) (noting that "[c]onclusory allegations, unsupported
23 by the facts alleged, need not be accepted as true" and that the court "may disregard factual
24 allegations if such allegations are contradicted by the facts established by reference to exhibits

---

¹ Although the parties' contract contains a choice of law provision that points to Massachusetts law, the parties cite to California law. The Court need not decide whether the provision is enforceable and which law applies, as the relevant law in both states is the same. *Compare Carma Developers, Inc. v. Marathon Development. California, Inc.*, 6 Cal. Rptr. 467, 483-87 (Cal. 1992) *with Chokel v. Genzyme Corp.*, 867 N.E.2d 325, 329 (Mass. 2007); *Uno Restaurants, Inc. v. Boston Kenmore Realty Corp.*, 805 N.E.2d 957, 964 (Mass. 2004).

attached to the complaint."); *Bell Atl. Corp. v. Twombly*, \*\*\* U.S. \*\*\*, 127 S. Ct. 1955, 1974 (2007) ("[Plaintiff must plead] enough facts to state a claim to relief that is plausible on its face.").

2. The Second Cause of Action, alleging Slander Per Se, is dismissed with prejudice because it is time-barred by California's one-year statue of limitations.[2] Cal. Civ. Proc. 340(c); *Pearce v. Romeo*, No. C-02-04011 RMW, 2007 WL 30596 at \*4 (N.D. Cal. Jan. 3, 2007) (dismissing defamation claim based upon California's statute of limitations); *Jones v. Tozzi*, No. 1:05-CV-0148 OWW DLB, 2006 WL 1582311 at \*13-14 ( E.D. Cal. June 2, 2006) (same). Alternatively, the claim is dismissed because, although the privileged nature of the alleged defamatory statements is apparent from the face of the complaint,[3] MIM has failed to plead "malice in fact" with sufficient particularity to defeat the presumption that the communication is privileged. *Kacludis v. GTE Sprint Comm. Corp.*, 806 F. Supp. 866, 872 (N.D. Cal. 1992) (citing *Smith v. Hatch*, 76 Cal. Rptr. 350 (Cal. Ct. App. 1969) (holding that, if the privilege is apparent from the face of the complaint, the communication is presumed to be privileged and therefore Plaintiff must plead "malice in fact" with sufficient particularity to defeat the presumption that the communication is privileged); *Robomatic, Inc. v. Vetco Offshore*, 275 Cal. Rptr. 70, 74 (Cal. Ct. App. 1990); *Lesperance v. N. Am. Aviation, Inc.*, 31 Cal. Rptr. 873, 875-76 (Cal. Ct. App. 1963).

## CONCLUSION

For the reasons stated, FUND II's motion to dismiss is **GRANTED**. The complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

---

[2] Because this case was filed in California, California's statute of limitations governs MIM's claims. *Deutsch v. Turner Corp.*, 324 F.3d 692, 717 (9th Cir. 2003) ("Regardless of the source of the substantive law, because all the claims, including both common law and statutory, were brought in California state court or in a district court within California, we apply to them the statute of limitations that would be applied in California state court."); *Ashland Chemical Co. v. Provence*, 181 Cal. Rptr. 340, 341 (Cal. Ct. App. 1982).

[3] Cal. Civ. Code § 47(c) ("A privileged publication . . . is one made . . ., without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information."); *See, e.g., Kacludis*, 806 F. Supp. at 872; *see also Pavlovsky v. The Board of Trade of San Francisco*, 340 P.2d 63 (Cal. Ct. App. 1959).

1 | Dated: _____

2 | By: _____
3 | The Honorable Maxine M. Chesney