1  William J. Ziegler (SBN 041203)
   Douglas A. Applegate (SBN 142000)
2  **SEILER EPSTEIN ZIEGLER & APPLEGATE LLP**
   101 Montgomery Street, 27th Floor
3  San Francisco, California 94104
   Phone:  (415) 979-0500
4  Fax:      (415) 979-0511

5  Attorneys for Plaintiff
   Meridian Investment Management, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERIDIAN INVESTMENT MANAGEMENT, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MERIDIAN REAL ESTATE INVESTMENT COMPANY II, a Cayman Islands company; and DOES 1 through 10, inclusive,<br><br>Defendants, | Case No.  C 08-02542 MMC<br><br>**[PROPOSED] ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Date:     July 11, 2008<br>Time:    9:00 am<br>Dept:    Courtroom 7, 19th Floor<br><br>Hon. Maxine M. Chesney |

On July 11, 2008 hearing of the motion to dismiss the complaint by defendant Meridian Real Estate Investment Company II ("defendant") pursuant to FRCP 12(b)(6) came on for hearing before this court, Hon. Maxine Chesney presiding.  Defendant and moving party was represented by David C. Kiernan, Jones Day, its attorneys of record.  Plaintiff and opposing party Meridian Investment Management, Inc. ("plaintiff") was represented by Douglas Applegate, Seiler Epstein Ziegler & Applegate, its attorneys of record.  Having considered all papers submitted in support of, and in opposition to, the defendant's motion, and having considered the arguments of counsel, the court hereby rules as follows:

1  Defendant's motion to dismiss the first cause of action is denied.  Plaintiff has properly
2 stated a claim for breach of the contract by and through a breach of the covenant of good faith
3 and fair dealing, in that plaintiff has alleged that defendant, through its agent Mr. Al-Shihabi,
4 denied plaintiff the benefits of the management agreement by taking actions in bad faith.  This
5 claim is recognized under Massachusetts law, which the parties have agreed is the controlling
6 law of this case.  See, *Fortune v. NCR*, 373 Mass. 96, 364 N.E.2d 1251, 1255-1256 (Mass.
7 1977); *Chokel v. Genzyme Corporation*, 449 Mass. 272, 867 N.E.2d 325, 329 (Mass. 2007).
8  [Defendant's motion to dismiss the second cause of action is also denied.  Plaintiff has
9 properly stated a claim for slander, under Massachusetts law.]
10  [Alternatively: Defendant's motion to dismiss the second cause of action is granted;
11 plaintiff is granted leave to file an amended complaint to state a claim for business defamation,
12 if facts supporting any such claim can be stated.]

14 Dated: _____      _____
15                                                                          HON. MAXINE M. CHESNEY