1  Robert Mittelstaedt (State Bar No. 060359)
   ramittelstaedt@jonesday.com
2  Shawn Hanson (State Bar No. 109321)
   shanson@jonesday.com
3  David C. Kiernan (State Bar No. 215335)
   dkiernan@jonesday.com
4  JONES DAY
   555 California Street, 26th Floor
5  San Francisco, CA  94104
   Telephone:     (415) 626-3939
6  Facsimile:      (415) 875-5700

7  Attorneys for Defendant
   MERIDIAN REAL ESTATE INVESTMENT
8  COMPANY II

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MERIDIAN INVESTMENT MANAGEMENT, INC., a Delaware Corporation**<br><br>**Plaintiff,**<br><br>v.<br><br>**MERIDIAN REAL ESTATE INVESTMENT COMPANY II, a Cayman's Island Company**<br><br>**Defendant.** | Case No. C 08-02542 MMC (EDL)<br>MODIFIED<br>[~~PROPOSED~~] **ORDER GRANTING DEFENDANT'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND DOCUMENT REQUESTS** |

    Before this Court is Defendant's Motion To Compel Responses To Interrogatories and Document Requests (Doc. 49).  On February 27, 2009, FUND II served interrogatories and requests for production of documents.  Plaintiff's written responses and objections were due on or before March 30, 2009.  Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A).  On April 22, 2009, after not receiving written responses or documents in response to its discovery requests, Defendant filed its motion to compel.  Plaintiff filed an opposition (Doc. 58) and Defendant filed a reply (Doc. 59).

    On May 12, 2009, the Court held a hearing on the motion.  David C. Kiernan appeared on

1  behalf of Defendant, and Douglas A. Applegate appeared on behalf of Plaintiff.

2  Having considered the papers and oral argument of the parties, the Court hereby

3  **GRANTS** Defendant's Motion To Compel and **ORDERS** as follows:

4  By May 20, 2009, Plaintiff is ordered:

5  1.  To serve complete written responses without objections to Defendant's First

6  Request for Production of Documents to Plaintiff;

7  2.  To produce all documents responsive to Defendant's First Request for Production

8  of Documents to Plaintiff;

9  3.  To provide a certification under oath by a person most knowledgeable certifying

10  that Plaintiff has produced all documents responsive to Defendant's First Request for Production

11  of Documents to Plaintiff and that Plaintiff is not withholding any documents responsive to such

12  requests;

13  4.  To serve complete answers to Defendant's First Set of Interrogatories to Plaintiff;

14  and

15  5.  To provide a verification that complies with Federal Rule of Civil Procedure 33

16  verifying Plaintiff's answers to Defendant's First Set of Interrogatories to Plaintiff.

17  By failing to provide timely responses and objections to Defendant's written discovery [other than those based on attorney client privilege]

18  and by failing to provide a privilege log, Plaintiff has waived all objections, including objections

19  based on tax payer privilege, to Defendant's First Request for Production of Documents and First

20  Set of Interrogatories.  *See, e.g.*, *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468

21  (9th Cir. 1991); *Davis v. Fendler*, 650 F.2d 1154 (9th Cir. 1981).

22  IT IS ~~SO ORDERED~~. FURTHER ORDERED that Defendant's Motion for Sanctions is
                                               DENIED
23

24  Dated:  May 12, 2009

25  _____
    ELIZABETH D. LAPORTE
26  United States Magistrate Judge

*IT IS SO ORDERED AS MODIFIED*
*Judge Elizabeth D. Laporte*